Robert W. George, Defendant in Error, v. William E. Milligan, Plaintiff in Error.

### Gen. No. 17,357.

1. LANDLORD AND TENANT—*what receipt for deposit as guaranty as to restoration of building does not vary lease relating thereto.* Where a lease under seal provides that a sum deposited shall be as a guaranty that the building will be restored as received, and an assignee of the lease by a writing under seal assumes all its covenants and conditions and deposits a like sum, and an agent of the real estate dealers acting as the landlord's agents signs a receipt providing that such deposit is to be held, till the expiration of the lease, "to replace the front of the store," such receipt cannot vary the terms of the agreement under seal as to the restoration of building as received.

2. APPEALS AND ERRORS—*when defendant cannot object to verdict.* Defendant cannot complain of a verdict for plaintiff for $150 on the ground that any verdict rendered should have been for $200, where plaintiff does not object.

Error to the Municipal Court of Chicago; the HON. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 29, 1912.

LAVERN W. THOMPSON, for plaintiff in error.

P. H. BISHOP, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This writ is prosecuted to reverse a judgment for $150, entered in the Municipal Court of Chicago, January 28, 1911, in favor of defendant in error (herein-

after called plaintiff) and against plaintiff in error (hereinafter called defendant). The judgment was entered on the verdict of a jury assessing plaintiff's damages at $150.

Plaintiff's action was brought to recover from defendant rent for a store in the city of Chicago, at the rate of $80 per month, for one-half of the month of February and all of the months of March and April, 1910, or a total sum of $200. On November 11, 1907, plaintiff, by written lease, rented the store, "to be occupied for a five cent theatre," to S. Van Ronkle and Charles R. Landsberg, for the period ending April 30, 1909, which period was, by proper indorsement, extended to April 30, 1910. The lease was signed and sealed by the parties on a printed form, commonly in use, and contained the usual covenants. The following provision was written in typewriting in the body of the lease:

"Parties of the second part (lessees) to place $200 in escrow with McKey & Poague as a guarantee that store will be put back in same condition at the expiration of the lease as when taken by them."

After the lease was signed, the lessees deposited $200 with McKey & Poague, who were plaintiff's agents, took possession of the store and made extensive alterations, not only in the front of the store but in the interior. After these alterations were completed, the lessees conducted a five cent theater on the premises. On March 16, 1909, said lease was assigned by said lessees to defendant, plaintiff as landlord consenting in writing to the assignment, and defendant signed an acceptance of said assignment under seal on the back of the lease as follows:

"In consideration of the above assignment and the written consent of the party of the first part thereto, I hereby assume and agree to make all the payments and perform all the covenants and conditions of the within lease, by said party of the second part to be made and performed."

It appears from the evidence that a day or two before the assignment was executed, Van Ronkle and defendant met at the office of McKey & Poague. Van Ronkle wanted to get back the $200 so put in escrow with McKey & Poague, and defendant objected to putting up $200 in its place. Mr. Gates, renting manager for McKey & Poague, was appealed to, and he told them that he did not care what arrangements were made between Van Ronkle and defendant, but that he, Gates, insisted upon the money remaining in escrow, and that, if defendant wished to accept an assignment of the lease from Van Ronkle, defendant would have to accept all the conditions of the lease. Defendant subsequently sent Gates $200, for which Gates gave defendant a receipt and Gates paid $200 to Van Ronkle. This left $200 still on deposit with McKey & Poague. The said receipt is dated the same day as the assignment and defendant's said written acceptance thereof, and is as follows:

"Received of W. E. Milligan $200 as escrow deposit on 466 E. 63rd St., to be held until the expiration of lease to replace the front of store.

McKey & Poague,
Gates."

It will be noticed that by the provision in the original lease, (which provision defendant by his acceptance of the assignment of said lease agreed to perform) the $200 in escrow was to guarantee that "store will be put back in same condition at the expiration of the lease as when taken," but that the language of said receipt suggests that the restorations required should be limited to "the front of store." A few days before the period of the lease, as extended, had expired, viz.: April 30, 1910, the amount of rent due and unpaid was $270, and defendant called on Gates and informed him that he had arranged with one Sexton to restore the front of the store, paid Gates $70 on account of rent and requested the latter to apply the $200 on deposit in payment of the balance of the rent

due. Gates declined to do this until the premises were restored to the condition they were in at the time the lease was originally signed. Defendant then advanced the argument, and now contends in this court as the main reason why the judgment should be reversed, that the provision in the lease as to the restorations to be made was modified as to him by said receipt and that if defendant restored ''the front of the store'' he was entitled to have the $200, so deposited, applied on the balance of the rent due. The evidence tends to show that subsequently to defendant's call on Gates, defendant did certain work towards restoring the front of the store as it was at the time the lease was originally signed, but that defendant made no attempt to so restore the balance of the store; that Gates refused to accept the work done on the front of the store, and proceeded to make the repairs necessary to put the store in the condition it was in when the lease was originally signed; that the cost of this work exceeded $200; and that defendant refused to pay the balance of the rent due, $200, whereupon this suit was commenced. We are of the opinion that defendant's contention is without merit. The receipt was not signed by the plaintiff, as landlord, does not purport to be the act of the landlord by his agents, and such receipt cannot vary the terms of an instrument under seal signed by defendant. If it was the intention of both the landlord and the new tenant that only the front of the store should be restored at the end of defendant's tenancy, that intention should have appeared in appropriate language in the acceptance of the lease which defendant signed. Furthermore, it appears from the testimony of Gates that the particular wording of the receipt, different from said provision in the lease, was a mistake on his part.

Complaint is also made that the trial court erred in refusing to admit certain evidence offered by defendant, in admitting certain evidence offered by plaintiff, in denying the request of defendant's counsel to be

allowed the opening and closing arguments to the jury, and in giving certain oral instructions to the jury, but in our opinion the complaints are not well founded. Counsel also makes the point that any verdict rendered in favor of plaintiff should have been in the sum of $200. The defendant cannot complain of this and plaintiff does not. The judgment of the Municipal Court is accordingly affirmed.

*Affirmed.*